IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:18-cv-3371-JMC |
| THOMPSON GAS, LLC, *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Before the Court is Defendant Johnson Gas Appliance Company d/b/a/ Mendota Hearth's ("Mendota") Motion for Summary Judgment (ECF No. 36), as to both Plaintiff Allstate Insurance Company's ("Allstate") Amended Complaint and Co-Defendant/Cross-Plaintiff ThompsonGas, LLC's ("ThompsonGas") Crossclaim. The Court has also reviewed the oppositions filed by Allstate (ECF No. 41) and ThompsonGas (ECF No. 40), as well as Mendota's Reply (ECF No. 43). The Court finds that no hearing is necessary pursuant to Local Rule 105.6 (2018). For the reasons set forth more fully below, Mendota's Motion for Summary Judgment (ECF No. 36) is DENIED.

**I. BACKGROUND**

Allstate brings this suit as a subrogee of its insured, Douglas and Margaret Kaplan, due to damages they suffered as a result of a fire within the Kaplan's home. Allstate contends that the Subject fire, which occurred on January 22, 2018, was the result of the gas fireplace manufactured by Mendota and preliminarily installed by Thompson Gas. (ECF No. 19 ¶ 20). Overall, Allstate seeks to recover payments made to the Kaplan's, alleging: (1) Thompson Gas installed a Mendota fireplace insert in the Kaplans' home with improper clearance from combustibles; and (2) Mendota

1

failed to provide sufficient instructions/and or warnings on clearances or combustibles. (ECF No. 17). Allstate's theory against Mendota is that its installation instructions, included with the fireplace, were deficient in that they did not provide the proper clearance from adjacent combustibles and/or failed to warn of same. Thompson Gas, as the initial installer of the fireplace, articulated a similar theory against Mendota in its Crossclaim.

In support of the pending Motion for Summary Judgment, Mendota argues that the fact discovery that has occurred indicates that neither the Thompson Gas personnel who installed the fireplace nor the Kaplans consulted Mendota's instructions prior to this installation, negating any link between an alleged defect in those instructions and the fire. (ECF No. 36). For the reasons discussed in detail below, at this stage, this argument is not persuasive.

## II. STANDARD OF REIVEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can do so by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "A dispute as to a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). The court is "required to view

the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.,* 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. See *Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

Summary judgment is ordinarily inappropriate "where the parties have not yet had an opportunity for reasonable discovery." *E.I. du Point de Nemours*, 637 F.3d 435, 448–49 (4th Cir. 2011). As the Fourth Circuit has said, when a district judge rules on a summary judgment motion prior to discovery, it is akin to "for[cing] the non-moving party into a fencing match without a sword or mask." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014).

### III. DISCUSSION

Mendota files this Motion for Summary judgment as to the claims made by Plaintiff Allstate and the cross-claims by Thompson Gas. (ECF No. 36). In the underlying action, Allstate asserts three causes of action against Mendota — strict liability, negligence, and warranty — all arising from the alleged inadequacies of Mendota's Installation and Operating Instructions. (ECF No. 36-1 at 3). Thompson Gas articulated a similar theory against Mendota in its Crossclaim.

As with any products liability claim, whether sounding in negligence, strict liability, or breach of warranty, a plaintiff is required to prove a product defect (in its design, manufacture, or accompanying warnings/instructions), attribution of the defect to the seller, and a causal relationship between the defect and the injury. *See Larson v. Abbott Labs, Inc.*, 2018 WL 3479236,

3

at *8 (2018) (citing *Laing v. Volkswagen*, 180 Md. App. 136, 160 (2008)). The defect theory at issue here can be categorized as a failure to warn claim. As recently articulated by the Supreme Court, for the "manufacturer of a product, the general duty of care includes a duty to warn when the manufacturer 'knows or has reason to know' that its product 'is or is likely to be dangerous for the use for which it is supplied' and the manufacturer 'has no reason to believe' that the product's users will realize that danger. *Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986, 993 (2019) (quoting Restatement (Second) of Torts § 388 (2019)).

Mendota primarily argues that even if, arguendo, its warnings/instructions were defective, if neither the Thompson Gas installers, nor the Kaplans consulted Mendota's instructions prior to this installation, then the contents of those instructions (whether or not defective) could not have played any role in the fire. In sum, Mendota asserts that there can be no reliance on instructions that were never read (thus negating the required causation element of such a claim). (ECF No. 36 at 2). In support of this contention, Mendota cites deposition testimony from Thompson Gas installer Mr. Minnick and the homeowner, Mr. Kaplan. Mr. Minnick testified that he had not read Mendota's instructions in conjunction with his installation at the Kaplans, and Mr. Kaplan testified that he never reviewed the instructions. *Id.* In response, Thompson Gas refers to other testimony by Mr. Minnick establishing: he had installed approximately 100 Mendota gas fireplaces prior to this installation; read the instructions on many prior occasions; and was familiar with such at the time of the Kaplan-installation despite not re-consulting them at that time. (ECF No. 40 at 3–4).

Construing the facts in the light most favorable to Thompson Gas and Allstate, as the non-movants, a reasonable factfinder could conclude that Mr. Minnick's prior experience with the product and its instructions on many prior occasions established sufficient familiarity with them to show reliance on the allegedly deficient instructions. Moreover, because expert disclosures

4

have not yet taken place, there may be other allegations of a failure to warn that extend beyond any defects in the instructions, such as the failure to place an "on-product" warning, supply a separate "warnings" card with the installation materials, or appropriately emphasize by size, placement, lettering and color any "warnings" that were contained in the instructions.

In its Reply, Mendota adds the additional argument that Mr. Minnick's testimony regarding the absence of nearby wood and insulation combustibles makes the warnings and instructions irrelevant. (ECF No. 43 at 1–4). This argument is premature given that expert disclosures as to the precise mechanism for the fire and the facts relied upon in support have not yet been made. For example, an expert reviewing the evidence might come to a different opinion than Mr. Minnick regarding nearby combustibles, first material ignited, ignition sequence, etcetera. Mendota's argument is premised on a presumed consensus as to the precise cause and spread of the fire — a consensus that may or may not materialize once expert disclosures are made.

In ruling against Mendota today, the Court expresses no view as to whether summary disposition may be appropriate once discovery (including expert discovery) is complete. But based on the record before it today, the Court must deny Mendota's motion.

## IV. CONCLUSION

For the reasons foregoing reasons: Defendant Johnson Gas Appliance ("Mendota") Company's Motion for Summary Judgment (ECF No. 36) is DENIED.

A separate Order will follow.

Date: October 17, 2019                              /s/
                                                    J. Mark Coulson
                                                    United States Magistrate Judge